ARTHUR A. ROBERTSON, Appellant, v. UNION CUTLERY COMPANY, INC., Respondent.— Motion for reargument denied. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

GEORGE SCHEINER, Respondent, v. ROBERT L. DUNBAR, Appellant.— Motion to dismiss appeal granted. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

HENRY SCHEINER, Respondent, v. ROBERT L. DUNBAR, Appellant.— Motion to dismiss appeal granted. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

MARIE A. SCHER, Respondent, v. GEORGE D. ADAMS, Appellant.— Motions to dismiss appeal from order reviving action in name of executor granted. Motion to strike out that part of notice of appeal referring to said order granted. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

MAX SHUB, Respondent, v. AARON CONSTRUCTION CO., INC., Appellant.— Motion to dismiss appeal denied on condition that appellant perfect the appeal for Monday, May 9, 1927, for which day the case is set down, and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

ARNOLD SLOMKA and MORRIS CADAN, Copartners, etc., Respondents, v. SAM SIEGELL and Others, Copartners, etc., Appellants. JOHN LINDSAY and Another, Copartners, etc., Respondents.— Motion for stay of retrial granted on condition that within five days from entry of the order herein appellants give an undertaking with corporate surety in the sum of $5,000, conditioned for the payment of any judgment that may be recovered against them in the action; otherwise, motion denied. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

FANNIE STAMBLER, Appellant, v. THOMAS J. WALSH, as Receiver of SAMUEL CAVEN, Respondent.— Motion for resettlement of order denied, as it is in accordance with the decision of this court. This is without prejudice to a motion by defendant for a reargument of the appeal, at which the point raised in his affidavits may be presented. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

ABRAHAM J. STAUB, Respondent, v. BLANK FEUER CO., INC., a Domestic Corporation, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

SAMUEL VALENSTEIN, Respondent, v. ALFRED D. MILLER and IRA M. GREENE, Appellants. WILLIAM ZARET, Defendant.— Motion to extend time to serve answer granted. Time extended ten days from entry of order on the appeal. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

WARREN TRADING CORPORATION, Respondent, v. KRAGLAN BUILDING CORPORATION and Others, Defendants. GODER INCINERATOR CORPORATION, Appellant.— Motion for reargument denied. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

ALBERT M. WIESS, Respondent, v. QUEENS BUS LINES, INC., Appellant.— Motion for reargument of motion to dismiss appeal granted. Motion set down for Monday, May 2, 1927. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

RACHEL YEDLIN and YETTA TARTAKOFF, Appellants, v. HARRIS RUBIN and

Others, Respondents.— Plaintiffs' motion to resettle order granted. Order signed Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

Rachel Yedlin and Yetta Tartakoff, Appellants, v. Harris Rubin and Others, Respondents.— Defendants' motions for reargument and for resettlement of most of order denied. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

Bedell Motor Car Company, Appellant, v. Hyman Rosensen, Respondent. — Order vacating body execution affirmed, without costs. No opinion. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

Alvin C. Cass, Appellant, v. Charles L. Apfel, Respondent.— Order relieving defendant from contempt modified by requiring as a condition thereof that within ten days from entry of the order herein defendant pay to plaintiff the taxable costs to date, together with the sum of $250; and also that within twenty days from entry of said order defendant give a surety company bond in the sum of $50,000 to pay any judgment that plaintiff may recover herein. If the conditions so directed be complied with, the order as modified is affirmed, without costs; otherwise, order reversed upon the law and the facts, with $10 costs and disbursements, and motion denied, with $10 costs. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

Ralph Cerreta, Appellant, v. Laura Burt Costello, etc., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

Charles Cronauer, Appellant, v. Henrietta J. Cronauer, Respondent.— Order vacating findings and judgment, and allowing defendant to answer, affirmed with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning Young, Kapper and Hagarty, JJ., concur.

Henry W. Cummings, Appellant, v. John De Lisa, Respondent.— Order setting aside verdict and dismissing complaint, and judgment entered thereon, reversed upon the law, with costs to appellant, verdict reinstated, and judgment for $1,948, with interest from December 18, 1925, and costs, directed to be entered thereon. The record discloses that plaintiff was shown to be the real party in interest, and had the right to maintain the action. It was understood that the full amount claimed by plaintiff and found by the jury was the amount above specified, and the trial court should have directed that judgment be entered for that amount. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

Bessie Greenberg, Respondent, v. William Strauss, Appellant.— Order directing taxation of costs, and judgment entered thereon, affirmed, with ten dollars costs and disbursements. Plaintiff was entitled to tax costs of appeal granted to "abide the event," notwithstanding the verdict itself on the retrial was insufficient in amount to carry trial costs. (*Gordon* v. *Krellman*, 217 App. Div. 477; *Selden* v. *Block*, 90 Misc. 579.) We are of opinion that there was no waiver by plaintiff of her right to tax the costs of appeal. The question involved in *Whitney* v. *Townsend* (7 Hun, 233; 67 N. Y. 40) was whether the court could set aside a judgment to enable a party to appeal where the time to appeal had expired; and the ruling of the Court of Appeals was that the order was not appealable. What was there said with regard to a waiver had relation solely to the regu arity of the entry of the judgment that had been entered, and did not involve